UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: INFINITY HOME HEALTH CARE, LLC,    Case No. 16-10062-j7

    Debtor.

---

Edward Mazel, Chapter 7 Trustee,

    Plaintiff,

    v.    Adversary Pro. No. 18-1051-j

Lovelace Health System, Inc.
Individually and d/b/a Heart Hospital
of New Mexico at Lovelace Medical Center

    Defendant.

## MEMORANDUM OPINION

THIS MATTER came before the Court on Defendant's Motion to Dismiss (the "Motion"). *See* Docket No. 9. The Debtor filed a petition for Chapter 7 bankruptcy relief on January 15, 2016. *See* Docket No. 1 in Case No. 16-10062-j7. The Chapter 7 Trustee, the plaintiff in this adversary proceeding, brought a complaint for turnover of money for services rendered (the "Complaint"). *See* Docket No. 1 in Adversary Pro. No. 18-1051-j. The Defendant argues that (1) the Plaintiff has failed to allege sufficient facts to show the existence of any agreement between the Debtor and the Defendant; and (2) that the Plaintiff has failed to state a claim under 11 U.S.C. § 542(b).[1] The Plaintiff asserts in response that the Complaint alleges sufficient facts to show the existence of an implied in fact contract and to state an unjust enrichment claim and that turnover under § 542(b) is the proper means by which to recover the

---

[1] All references to the "Code" "Bankruptcy Code" "Section" and "§" refer to Title 11 of the United States Code, unless otherwise indicated.

money payable to the Debtor. The Court is persuaded by the Defendant's arguments but will allow the Plaintiff an opportunity to amend the Complaint to avoid dismissal based on the present Motion.

## FACTS

The Complaint (Docket No. 1) is entitled "Complaint for Turnover of Money Payable to the Debtor for Services Rendered." The Complaint is not divided into separate counts. The prayer for relief seeks a judgment in the amount of $150,000.00 plus costs.

The Complaint alleges, among other things:

1. The Debtor was a home health agency and telemedicine group that provided medical services to patients after they were discharged from a hospital. Complaint, ¶5. Medicare penalizes hospitals if a patient is readmitted within thirty days of discharge. *Id.* at ¶¶5-6.

2. The Debtor and the Defendant had an agreement in which the Debtor provided readmission prevention services for a flat fee of $7,500.00 per patient, with a 50% refund for any referred patients that were readmitted within 30 days of discharge. *Id*. at ¶7. The contract was "was described in writings between the debtor and defendant describing the program and fees payable, and was implied by the circumstances surrounding the referrals." *Id.* at ¶ 9.

3. The Defendant referred patients to the Debtor for readmission prevention services pursuant to the contract. *Id*. at ¶¶ 9-12. Defendant referred a total of twenty patients were referred to the Debtor. *Id*. at ¶10-12.

4. The Defendant has refused to pay the $7,500.00 referral fee per patient to the Debtor and to the Chapter 7 Trustee. *Id.* at ¶¶ 15-17.

## RULE 12(B)(6) STANDARD

For the purposes of ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept as true all of the allegations contained in a complaint" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). This tenet does not extend to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "a legal conclusion couched as a factual allegation." *Id.*

In considering a motion to dismiss the Court examines whether the Plaintiff has alleged facts sufficient to "to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 697. The facts must "nudge [the] claims across the line from conceivable to plausible" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when it has a "reasonable prospect of success, but also [informs] the defendants of the actual grounds of the claim against them." *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009). As the Tenth Circuit explained,

> plausibility in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted).

DISCUSSION

In the Motion, the Defendant argues that (a) the Plaintiff fails to state a claim for breach of an express or implied contract; and (b) a complaint for turnover under § 542(b) is not appropriate because the debt in question is disputed. The Plaintiff responds that (a) the complaint sufficiently alleges the existence of an implied in fact contract or a claim for unjust enrichment and (b) turnover is the appropriate action by which to liquidate the breach of contract or unjust enrichment claims. The Court agrees with the Defendant.

   a. <u>Turnover under § 542(b)</u>

The Complaint in its title seeks turnover. The Complaint alleges breach of contract. Turnover is governed by § 542(b). Section 542(b) provides in part that "an entity that owes a

debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee." 11 U.S.C. 542(b). A turnover action under § 542(b) is a core proceeding and it arises under the Code. *See* 28 U.S.C. §§ 157(b)(2)(A) and (O); 28 U.S.C. § 1334(b).

An action under § 542(b) applies to a debt when the debt is undisputed and presently payable. *In re Conex Holdings, LLC*, 518 B.R. 792, 801 (Bankr. D. Del. 2014) ("A properly pleaded complaint asserting a claim for turnover must allege an undisputed right to recover the claimed debt."). It is not appropriate to bring a turnover action on an unliquidated claim for breach of contract. *See United States v. Inslaw, Inc.*, 932 F.2d 1467, 1472 (D.C. Cir. 1991) ("It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes . . . "); *In re Picacho Hills Util. Co., Inc.*, 579 B.R. 245, 252 (Bankr. D.N.M. 2017) (". . . unliquidated state law damage claims are not within the scope of § 542(b).").

As the Trustee cannot liquidate the alleged breach of contract or unjust enrichment claim through a turnover action, the Court will grant the Motion to Dismiss as it relates to the claim for turnover under § 542(b).

b. <u>Implied in Fact Contract</u>

The Complaint in essence asks the Court to determine that the Defendant breached an implied in fact contract. The allegations in the Complaint sketch the existence of an implied in fact contract; stating, "the contract for services rendered was described in writings between the debtor and defendant describing the program and fees payable and was implied by the circumstances surrounding the referral." Docket No. 1 ¶ 9. These and other conclusory allegations are insufficient to state a plausible claim for relief. None of the writings are attached to the Complaint and no allegations are made regarding the content of the writings or other communications between the parties. No allegations are made regarding circumstances

surrounding the referrals other than that referrals were made and accepted under the alleged implied flat fee agreement and Plaintiff avoided Medicare readmission penalties as a result of the readmission prevention services the Debtor rendered.

New Mexico law recognizes implied in fact contracts as "a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996); *see also Orion Tech. Res., LLC v. Los Alamos Nat. Sec., LLC*, 2012-NMCA-097, ¶ 10. To be legally enforceable, implied in fact contracts, like express contracts "must be factually supported by an offer, an acceptance, consideration, and mutual assent." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1996-NMSC-029, ¶ 9, 121 N.M. 728, 731.

In determining whether an implied in fact contract was created, courts "look to written representations, oral representations, and the conduct of the parties ... to determine whether an implied-in-fact contract exists." *Orion Tech. Res.*, 2012-NMCA-097, ¶ 10. Furthermore, "evidence of custom or course of conduct between the parties may give rise to a contract implied in fact." *Id.* "To create an implied contract, the offer or promise must be sufficiently explicit to give rise to reasonable expectations." *Hartbarger v. Frank Paxton Co.*, 1993-NMSC-029, ¶ 13, 115 N.M. 665, 672. Whether the expectations are reasonable depends on "just how definite, specific, or explicit ... the representation or conduct relied upon" has been. *Orion Tech. Res.*, 2012-NMCA-097, ¶ 10.

The Plaintiff's response to the Motion states that the Complaint "alleges facts . . . that an oral presentation was made to defendants, a specific flat fee was presented, patients were referred pursuant to this agreement, and the defendants both benefited and refused to pay the debtor." *See*

Docket 12, p. 2-3. Examination of the Complaint reveals that it does not, as Plaintiff asserts, allege that an oral presentation was made or that a presentation was made in which a flat fee was presented. Without more detail in the Complaint that would support a finding of an implied in fact agreement between the parties, the Court concludes that the allegations do not state a claim for breach of an implied in fact contract upon which relief can be granted.[2]

    c. <u>Unjust Enrichment</u>

Unlike an implied in fact contract, "a claim for restitution is distinct from a contract claim. It is rooted in principles of quasi-contract or quantum meruit, and its principal objective is to prevent unjust enrichment." *Credit Inst. v. Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 21, 133 N.M. 248, 253, 62 P.3d 339, 344. In New Mexico, the elements of an unjust enrichment claim are that the opposing party has "[1] been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Id.*

It is unclear from the Complaint whether the Plaintiff seeks to recover under an unjust enrichment theory. The Complaint is not divided into claims for relief and never uses the language "unjust enrichment." The Complaint alleges that the Defendant benefitted from the services performed by the Debtor because the Defendant was not charged fees by Medicare for readmissions of patients within 30 days. Furthermore, the Complaint alleges that the Debtor accepted the referrals of the patients because of the agreement that it would be paid a flat rate referral fee. There are no allegations regarding whether the Defendant knowingly benefitted, whether the Debtor was paid by referred patients, or why the Defendant's retention of the alleged

---

[2] The Motion asks the Court to take judicial notice of testimony provided by the principal of the Debtor at a hearing before this Court on August 1, 2016 on the Trustee's Motion to Compel Discovery Pursuant to Fed. R. Bankr. Pro. 2004 regarding whether there was an agreement between the Debtor and the Defendant. *See* Docket No. 30 in Case No. 16-10062-j7. As the Court has found that the allegations in the complaint are insufficient to state a plausible claim for relief for breach of contract it is not necessary for the Court to take judicial notice of the testimony.

benefit would be unjust. If the Plaintiff seeks to recover under an unjust enrichment theory, the scant recitations of facts in the Compliant do not state a claim for unjust enrichment upon which relief can be granted.

   d. Leave to Amend

The Plaintiff in his response to the Motion asks the Court for leave to amend the Complaint if the Court otherwise would grant the Motion. Fed. R. Civ. P. 15(a)(2), incorporated by Fed. R. Bankr. P. 7015, applies in this adversary proceeding. Under Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Tenth Circuit has held that a court "may withhold leave to amend only for reasons such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962) (quotations omitted)). None of the reasons to withhold leave to amend apply in this case. Therefore, the Court will grant the Plaintiff's request and allow an opportunity to amend the Complaint.

## CONCLUSION

The Complaint fails to state a plausible claim upon which relief can be granted. An action for turnover of a debt under 11 U.S.C. § 542(b) is limited to a presently payable undisputed debt. It is inappropriate to liquidate a breach of contract or unjust enrichment claim by a claim for turnover. Further, the Complaint fails to state a claim for breach of an implied in fact contract or a claim for unjust enrichment that is plausible on its face. The Court will give the Plaintiff an opportunity to amend the Complaint to state a plausible claim for relief. A separate order will be entered consistent with this opinion.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: October 25, 2018.

COPY TO: All counsel of record via CM/ECF.