UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: INFINITY HOME HEALTH CARE, LLC,     Case No. 16-10062-j7

    Debtor.

Edward Mazel, Chapter 7 Trustee,

    Plaintiff

    v.     Adversary Pro. No. 18-1051-j

Lovelace Health System, Inc.
Individually and d/b/a Heart Hospital
of New Mexico at Lovelace Medical Center

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Corrected Amended Complaint (the "Motion"). *See* Docket No. 21. The Debtor, Infinity Home Health Care, LLC ("Infinity"), filed a petition for Chapter 7 bankruptcy relief on January 15, 2016. *See* Docket No. 1 in Case No. 16-10062-j7. The Chapter 7 Trustee ("Trustee"), the plaintiff in this adversary proceeding, brought a complaint for turnover of money for services rendered. *See* Docket No. 1 in Adversary Pro. No. 18-1051-j. The Court entered an order dismissing the complaint with leave to amend. *See* Docket No. 16. In response, the Trustee filed a Corrected First Amended Complaint (the "Amended Complaint."). *See* Docket No. 19.

In its Motion, Lovelace Health System, Inc ("Lovelace") argues that the Amended Complaint fails to state a claim because: (1) it does not allege facts sufficient to show the existence of an agreement, including the date the agreement was made and the terms of the agreement; and (2) the exhibits to the Amended Complaint were not served on Lovelace. The

Trustee responds that the Amended Complaint alleges sufficient facts to state a claim for an implied in fact contract and quantum meruit relief (the "Response"). The Trustee has now filed and served the exhibits to the Amended Complaint.

FACTS

For the purpose of deciding this Motion, the Court assumes without finding that the following facts alleged in the Amended Complaint filed November 16, 2018 are true.[1] Since sometime prior to January 2014, Medicare has penalized hospitals if patients are readmitted within thirty days of being discharged. *See* Amended Complaint, ¶7. Infinity operated as a home health agency and telemedicine group. Infinity provided medical services to patients after they were discharged from a hospital to prevent readmission to the hospital ("Post-Discharge Services"). *See* Amended Complaint, ¶¶ 5, 7 – 9, and 12. Lovelace was an authorized provider of Medicare services. *See* Amended Complaint, ¶ 8. Lovelace referred patients to Infinity for Post-Discharge Services. *See* Amended Complaint, ¶ 5.

Initially Infinity was advised that Medicare would pay for the Post-Discharge Services. *See* Amended Complaint, ¶ 13. After Medicare refused to pay Infinity for the Post-Discharge

---

[1] Lovelace asks the Court to take judicial notice of testimony of one of Infinity's principals during a hearing in the underlying bankruptcy case on whether the Court would allow the Trustee to take Rule 2004 discovery regarding the claims later asserted in this adversary proceeding. Lovelace argues that the Court may take judicial notice of the testimony without converting the Motion to a motion for summary judgment.

    A court may take judicial notice of testimony at a prior hearing before the court at any point in the proceeding. *Osage Tribe of Indians of Oklahoma v. United States*, 95 Fed. Cl. 469, 472 (2010) ("It is settled, of course, that the courts, trial and appellate, take notice of their own respective records in the present litigation, both as to matters occurring in the immediate trial, and in previous trials and hearings."). Furthermore, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1265 n 24 (10th Cir. 2006). However, a court cannot take judicial notice that the prior testimony itself is true unless the truth of the testimony is beyond reasonable dispute. *See Coca-Cola Bottling Co. of Elizabethtown Inc. v. Coca-Cola Co.*, 1986 WL 15580, at *2 (D. Del. May 19, 1986) ("The Court fails to be persuaded that such testimony is a 'fact' appropriate for judicial notice. It is a 'fact' that the testimony occurred because the testimony may be accurately and readily determined by trial transcripts, a source whose accuracy is not subject to reasonable dispute. The substance of the testimony itself, however, is not a fact that has been established beyond dispute."). The Court declines to take judicial notice of the prior testimony of Infinity's principal. As stated below, however, this does not change the result the Court reaches regarding Count One of the Amended Complaint.

Services, Infinity proposed to Lovelace that it would provide Post-Discharge Services to the patients Lovelace referred to Infinity in exchange for a flat fee of $7,500.00 with a 50% discount for any patients that were readmitted within 30 days of referral to Infinity. *See* Amended Complaint, ¶ 14. Infinity made this proposal at an initial meeting on April 8, 2015. *See* Amended Complaint, Exhibit B. Infinity contemplated that it would make a follow up presentation to Lovelace's hospital leadership, to take place in late April 2015, regarding the initial proposal to provide Post-Discharge Services in exchange for a fee. *Id.*

Lovelace referred nineteen patients to the Infinity. *See* Amended Complaint, ¶ 15 and Exhibit A. Lovelace referred seventeen of those patients to Infinity between October 31, 2014 and April 3, 2015. *See* Amended Complaint, ¶ 15 and Exhibit A. Lovelace referred the other two patients to Infinity on April 10, 2015. *Id*. Lovelace did not refer any patients to Infinity after April 10, 2015. *See* Amended Complaint, ¶ 15 and Exhibit A.

Lovelace has refused to pay Infinity. *See* Amended Complaint ¶ 21.

## RULE 12(B)(6) STANDARD

For the purposes of ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept as true all of the allegations contained in a complaint" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This tenet does not extend to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "a legal conclusion couched as a factual allegation." *Id.* Furthermore, "a written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

In considering a motion to dismiss the Court examines whether the plaintiff has alleged facts sufficient to "to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 697. The facts must "nudge [the] claims across the line from conceivable to plausible" *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when it has a "reasonable prospect of success, but also [informs] the defendants of the actual grounds of the claim against them." *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009). As the Tenth Circuit explained,

> plausibility in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted).

## DISCUSSION

a. <u>Implied in Fact Contract</u>

Lovelace argues the Amended Complaint does not allege sufficient facts to state a claim for breach of an implied in fact contract between Lovelace and Infinity. Infinity argues to the contrary. The Court agrees with Lovelace that the Amended Complaint does not state a claim based on breach of an implied in fact contract.

Under New Mexico law, an implied in fact contract exists when there is "a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996); *see also Orion Tech. Res., LLC v. Los Alamos Nat. Sec., LLC*, 2012-NMCA-097, ¶ 10. To be legally enforceable, implied in fact contracts, like express contracts "must be factually supported by an offer, an acceptance, consideration, and mutual assent." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1996-NMSC-029, ¶ 9, 121 N.M. 728, 731.

Whether an implied in fact contract was created is a question of fact in which courts "look to written representations, oral representations, and the conduct of the parties . . . to

determine whether an implied-in-fact contract exists." *Orion Tech. Res.*, 2012-NMCA-097, ¶ 10. Furthermore, "evidence of custom or course of conduct between the parties may give rise to a contract implied in fact." *Id.* "To create an implied contract, the offer or promise must be sufficiently explicit to give rise to reasonable expectations." *Hartbarger v. Frank Paxton Co.*, 1993-NMSC-029, ¶ 13, 115 N.M. 665, 672. Whether the expectations are reasonable depends on "just how definite, specific, or explicit . . . the representation or conduct relied upon" has been. *Orion Tech. Res.*, 2012-NMCA-097, ¶ 10.

The Amended Complaint and its exhibits show that prior to the initial meeting between Infinity and Lovelace on April 8, 2015, Infinity did not make any proposal or offer to Lovelace to furnish Post-Discharge Services for a fee or that any communication about a compensation arrangement took place. The Amended Complaint indicates that Lovelace started referring patients to the Infinity at a time when Infinity believed that Medicare, not Lovelace, would pay Infinity for the Post-Discharge Services. There is no allegation that Lovelace was even aware prior to April 8, 2015 that Infinity wanted Lovelace to pay for Post-Discharge Services that Infinity provided to patients Lovelace referred to Infinity. The Amended Complaint does not state a plausible claim on an implied in fact contract theory for the seventeen patients referred prior to April 8, 2015.

Further, there is no allegation in the Amended Complaint to suggest that Lovelace by its conduct or by any communications to Infinity accepted the contract proposal Infinity made at the April 8, 2015 meeting or otherwise agreed to pay Infinity for the Post-Discharge Services it provided to the two patients Lovelace referred to Infinity on April 10, 2015. Exhibit B to the Amended Complaint indicates that Infinity contemplated that it would make a follow up presentation to "Lovelace Hospital Leadership," to take place on or around April 29, 2015, with

the exact date to be determined, at which Infinity would present its proposal to provide Post-Discharge Services to patients referred by Lovelace in exchange for a fee. There is no allegation that the follow up presentation ever occurred. The two patients Lovelace referred Infinity on April 10, 2015 were referred prior to the date the follow up presentation was expected to occur. The need for a follow up meeting with Lovelace Hospital Leadership for Infinity to present its proposal again shows that Lovelace did not accept Infinity's offer at the initial meeting on April 8, 2015. No facts are alleged that suggest otherwise.

In addition, no facts are alleged in the Amended Complaint to support a conclusion that an implied in fact contract was created between April 8, 2015 and April 10, 2015. The Amended Complaint does not state a plausible claim on an implied in fact contract theory for the two patients referred on April 10, 2015.

Therefore, the Court will dismiss Count One of the Amended Complaint in which the Trustee claims breach of an implied in fact contract.

b. <u>Unjust Enrichment</u>

The Amended Complaint alleges that Infinity's Post-Discharge Services resulted in a $142,000 benefit per patient to Lovelace because Lovelace was not penalized by Medicare for patient readmissions. In the Motion, the Lovelace argues that the Medicare penalties are not calculated on a per patient basis and that Lovelace did not knowingly benefit at the Infinity's expense. The Response argues that the Amended Complaint states a claim.[2]

---

[2] The Response further asserts that the Court's allowance of Rule 2004 discovery on the unjust enrichment claim demonstrates that the Trustee has stated a prima facie case for unjust enrichment. The Court does not agree. Rule 2004 discovery allows a party to determine if facts exist to assert the claim. *In re Roman Catholic Church of Diocese of Gallup*, 513 B.R. 761, 764 (Bankr. D.N.M. 2014) ("Rule 2004 is used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt."). Allowing Rule 2004 discovery does not mean that the Court has made a determination on the sufficiency of the evidence or any finding that a prima facie case exists.

Unlike an implied in fact contract, "a claim for restitution is distinct from a contract claim. It is rooted in principles of quasi-contract or quantum meruit, and its principal objective is to prevent unjust enrichment." *Credit Inst. v. Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 21, 133 N.M. 248, 253, 62 P.3d 339, 344. In New Mexico, the elements of an unjust enrichment claim are that the opposing party (1) has "been knowingly benefitted at one's expense" and (2) "in a manner such that allowance of the other to retain the benefit would be unjust." *Id.*

For Post-Discharge Service provided to patients referred prior to the initial meeting on April 8, 2015, the Amended Complaint does not allege facts sufficient to state a claim that Lovelace knowingly benefitted at the Infinity's expense in a manner that allowing Lovelace to retain the benefit would be unjust. The Amended Complaint alleges that Infinity initially expected Medicare to pay it for Post-Discharge Services. There is no allegation that, prior to the April 8, 2015 meeting, Lovelace was aware that Medicare would not pay Infinity for Post-Discharge Services or that Infinity expected Lovelace to pay for the services. Accordingly, the Amended Complaint does not allege sufficient facts from which a court could conclude that Lovelace knowingly benefitted at Infinity's expense regarding any patients referred prior to April 8, 2015. Therefore, the Amended Complaint does not state a claim for unjust enrichment as to the seventeen patients Lovelace referred to Infinity prior to April 8, 2015.

On the other hand, the Amended Complaint is sufficient to withstand a motion to dismiss as to the two patients Lovelace referred to Infinity on April 10, 2015, after the initial meeting that took place on April 8, 2015. The Trustee should be given an opportunity to develop and present facts relating to the circumstances of the referrals to support its unjust enrichment claims based on those two patient referrals.

Case 18-01051-j    Doc 35    Filed 05/07/19    Entered 05/07/19 16:59:09 Page 7 of 8

CONCLUSION

Lovelace's Motion is granted in part and denied in part. The Amended Complaint and its exhibits do not allege sufficient facts to state a claim for an implied in fact contract between Infinity and Lovelace. Therefore, Count One of the Amended Complaint is dismissed. The Amended Complaint and the attached exhibits allege sufficient facts to state a claim of unjust enrichment for the two patients Lovelace referred to Infinity on April 10, 2015. The Court will enter an order reflecting its ruling on the Motion.

/s/ Robert H. Jacobvitz
Robert H. Jacobvitz
United States Bankruptcy Judge

Entered on docket: May 7, 2019

Copy to: all counsel of record via CM/ECF